No. 24-6153

# In the United States Court of Appeals for the Sixth Circuit

**DIEGO PAVIA,**
*Plaintiff-Appellee,*

v.

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,**
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

## APPELLANT'S UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT

Taylor J. Askew
David J. Zeitlin
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
taylor.askew@hklaw.com
david.zeitlin@hklaw.com

Rakesh Kilaru (Counsel of Record)
Daniel Epps
Wilkinson Stekloff LLP
2001 M Street N.W., 10th Floor
Washington, DC  20036
(202) 847-4000
rkilaru@wilkinsonstekloff.com
depps@wilkinsonstekloff.com

*Counsel for Defendant-Appellant
National Collegiate Athletic Association*

Appellant National Collegiate Athletic Association ("NCAA"), by and through undersigned counsel, hereby moves to expedite oral argument in this appeal pursuant to Sixth Circuit Rules 27(f) and 34(c). Given that this case is an appeal from the grant of a preliminary injunction, this Court's Rules and Internal Operating Procedures presumptively allow expedited argument. *See* 6th Cir. R. 34(c)(2) ("Where the court determines that a case of one of the types listed below is to be orally argued, argument will generally be expedited . . . . appeals from orders . . . granting preliminary or temporary injunctions"); 6th Cir. I.O.P. 28(c) ("Issuance of a routine briefing schedule and expedited argument or submission on briefs is directed in the following cases: appeals from orders . . . granting preliminary or temporary injunctions"). In any event, expedited argument is appropriate where there is "good cause to expedite." 6th Cir. R. 27(f).

Good cause exists to expedite oral argument. Recently, an increasing number of student-athletes who have exhausted their eligibility to compete in Division I NCAA competition have brought challenges to the NCAA's eligibility rules. Specifically, these plaintiffs contend that the NCAA eligibility rules that permit student-athletes to participate in only four seasons of intercollegiate competition within a five-year period (the "Challenged Rules") constitute an unreasonable restraint on trade violative of the Sherman Antitrust Act.

1

Without exception, the plaintiffs in these cases have moved for preliminary injunctions to be adjudicated on an expedited basis. Two of these cases (and counting), not including Appellee's, are pending within district courts within this Circuit. In the more recently filed of the two cases, there is a pending motion for a preliminary injunction. The other case created an intra-Circuit split on the appropriate mode of analysis for claims like Appellee's, with the district judge explicitly rejecting the district court's analysis in this case.

Without guidance from this Court, more suits, functionally identical to Appellee's, will inevitably be filed in district courts across the country, including within this Circuit. Plaintiffs in those cases are uniformly seeking emergency orders requiring the NCAA to permit them to compete in the immediately upcoming season of competition. That means that unless this Court resolves this case on an expedited basis, those plaintiffs will effectively receive the full measure of relief they seek without the NCAA having any opportunity for appellate review.

Counsel for the NCAA has conferred with counsel for Appellee regarding this motion. Appellee's counsel does not oppose the motion, so long as oral argument is not scheduled at a time when Appellee's counsel has a scheduling conflict.

## BACKGROUND

Under the Challenged Rules, all Division I athletes, including Division I football players, are allowed five years to complete four seasons of "intercollegiate

competition" in their chosen sports. The Challenged Rules, like all of the NCAA's eligibility rules, were created to ensure that each year a new class of student-athletes has a chance to participate in Division I athletics, to tie eligibility to ordinary degree progression and thus to ensure that college sports are actually played by college students, and to provide competitive balance by ensuring that student-athletes compete against peer students and not quasi-professional athletes and "ringers" with more experience. Appellee concedes that he has already completed four seasons of intercollegiate football competition over five years, including two seasons at a junior college. Under a straightforward application of the Challenged Rules, he would thus be ineligible to play in the 2025–2026 football season.

On November 8, 2024, Appellee filed this action, alleging, among other claims, that the Challenged Rules' treatment of his time spent at a two-year institution violates the Sherman Act. After a hearing, the district court found that Appellee had a reasonable likelihood of success on the merits on his antitrust claim and preliminarily enjoined the NCAA from enforcing the Challenged Rules against Appellee, permitting him to compete in the 2025–2026 football season.

The district court acknowledged that this Court has previously held that the NCAA's eligibility rules are not commercial in nature and are therefore outside the purview of the Sherman Act. *See Pavia v. NCAA*, 760 F. Supp. 3d 527, 536 (M.D. Tenn. 2024) (citing *Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008)). The district

3

court nevertheless found that a subsequent Supreme Court decision, *NCAA v. Alston*, 594 U.S. 69, 108 (2021), declared that all NCAA eligibility rules are commercial in nature and thus implicitly overruled this Court's precedent—even though that case did not involve NCAA eligibility rules at all, but rather concerned "only a narrow subset of the NCAA's compensation rules." *See Pavia*, 760 F. Supp. 3d at 537.

The NCAA appealed the district court's grant of a preliminary injunction. As of May 13, 2025, the appeal is fully briefed and ripe for oral argument.

## ARGUMENT

Sixth Circuit Rule 27(f) provides that "A party may move to expedite the appeal. The motion must show good cause to expedite." The Sixth Circuit's Rules and Internal Operating Procedures presumptively recognize good cause to expedite an appeal in cases arising from the grant of a preliminary injunction. Sixth Circuit Rule 34(c)(2) provides that, "[w]here the court determines" that a subject appeal is from an order "denying or granting [a] preliminary or temporary injunction[]," "argument will generally be expedited." Sixth Circuit Internal Operating Procedure 28(c) further indicates that, "Issuance of a routine briefing schedule and expedited argument or submission on briefs is directed in the following cases: appeals from order . . . granting preliminary or temporary injunctions . . . ."

Even beyond the ordinary presumption in favor of expediting appeals of preliminary injunctions, good cause exists to expedite this appeal in particular. In the

wake of the district court's decision in this case, numerous student-athletes who believe themselves similarly situated to Appellee have brought copycat suits in state and federal courts across the nation. *See Fourqurean v. NCAA*, No. 25-cv-68-wmc, 2025 WL 993975 (W.D. Wis. Feb. 6, 2025); *Ciulla-Hall v. NCAA*, No. 25-cv-10271-DJC, 2025 WL 438707 (D. Mass. Feb. 7, 2025); *Arbolida v. NCAA*, No. 25-2079-JWB, 2025 WL 579830 (D. Kan. Feb. 21, 2025); *Goldstein v. NCAA*, 3:25-cv-27, 2025 WL 662809 (M.D. Ga., Feb. 28, 2025); *Osuna Sanchez v. NCAA*, No. 3:25-cv-62-CEA-DCP, 2025 WL 684271 (E.D. Tenn. Mar. 3, 2025); *Smith v. NCAA*, 25CV003480-310 (N.C. Super. Ct. Apr. 24, 2025); *Jones v. NCAA*, 25CV003492-310 (N.C. Super. Ct. Apr. 24, 2025); *Elad v. NCAA*, No. CV 25-1981 (ZNQ) (JTQ), 2025 WL 1202014 (D.N.J. Apr. 25, 2025); *Brzovic v. NCAA*, No. 2:25-cv-02885-DCN, 2025 WL 1370758 (D.S.C. May 11, 2025); *Coley v. NCAA*, No. 5:25-cv-00098-D-BM (E.D.N.C.) (filed Feb. 21, 2025); *Johnson v. NCAA*, 9:25-cv-00060-KLD (D. Mont.) (filed Apr. 25, 2025); *Burroway v. NCAA*, No. 95588 A (La. D. Ct., 10th D.) (filed May 15, 2025); *Zeigler v. NCAA*, No. 3:25-cv-00226-KAC-JEM (E.D. Tenn.) (filed May 20, 2025). Two of the foregoing cases were filed in the United States District Court for the Eastern District of Tennessee, a district court within this Circuit. *See Osuna Sanchez*, 2025 WL 684271; *Zeigler*, No. 3:25-cv-00226-KAC-JEM (E.D. Tenn.).

5

The *Osuna Sanchez* court created an intra-Circuit split regarding Sherman Act challenges to the Challenged Rules. It questioned whether the *Pavia* district court correctly held that the Challenged Rules are commercial in nature. *See Osuna Sanchez*, 2025 WL 684271, at *3–*4. The court also concluded that the plaintiff there could not meet his burden to demonstrate a likelihood of success on the merits by relying merely on one expert declaration from the same expert relied upon by Appellee in the decision below. *See id.* at *7. In *Zeigler*, the plaintiff seeks to enjoin a Challenged Rule—specifically, the NCAA rule limiting student-athletes to four seasons of intercollegiate competition—and he has filed a motion for preliminary injunction. *Zeigler*, No. 3:25-cv-00226-KAC-JEM (E.D. Tenn.) (ECF No. 3).

Guidance from this Court is needed. This Court should make clear whether *Bassett* remains good law. If that case remains binding precedent, it would likely be dispositive of all Sherman Act claims brought by student-athletes in this Circuit seeking to enjoin the Challenged Rules. A ruling from this Court on behalf of the NCAA could thus prevent a proliferation of lawsuits seeking to enjoin the Challenged Rules. Reinforcing the urgency of the issue, another United States Court of Appeals is imminently hearing oral argument on an appeal from one of the cases listed above that was filed after this one. *See Fourqurean v. NCAA*, No. 25-1187 (7th Cir.) (Oral argument scheduled for May 28, 2025).

Moreover, the *Osuna Sanchez* court recently stayed further proceedings pending resolution of this appeal. *See* Order Denying Motion for Reconsideration and Staying Case, *Osuna Sanchez v. NCAA*, No. 3:25-cv-00062-CEA-DCP, 2025 U.S. Dist. LEXIS 96960, at *10 (E.D. Tenn. May 21, 2025) ("Because Pavia is pending before the Sixth Circuit, this matter is hereby STAYED and ADMINISTRATIVELY CLOSED pending the outcome of that appeal."). Thus, this Court's resolution of this appeal is necessary before that case may proceed.

Expedited review is particularly important because, without speedy appellate review, future plaintiffs may obtain de facto final relief through preliminary injunctions. Lawsuits challenging NCAA eligibility rules do not follow the typical pattern in which a preliminary injunction is a precursor to a permanent injunction after a trial or other final disposition on the merits. Plaintiffs in these cases generally seek injunctive relief for the immediately upcoming sports season. When a district court grants preliminary injunctive relief, it requires the NCAA to allow the student-athlete to play until his or her appeal is decided. But, for many plaintiffs, such preliminary relief will functionally provide them with the full measure of relief sought in the lawsuit, without the chance for the NCAA to obtain any appellate review of the district court's ruling before the issue of the plaintiff's eligibility for the season in question becomes moot.

7

When a district court grants preliminary injunctive relief, the NCAA is precluded from evenhandedly enforcing its eligibility rules, causing harm to other student-athletes. When an experienced student-athlete not otherwise eligible is permitted to participate in a season of competition, his or her participation comes at the expense of another student-athlete who would otherwise have a chance to compete. This Court's speedy intervention is necessary to prevent "judicial micromanagement" of college athletics, *Alston*, 594 U.S. at 101, and to permit the NCAA to enforce its rules designed to ensure that college sports are actually played by college students.

## CONCLUSION

For the reasons set forth above, the NCAA respectfully requests that this Court expedite oral argument in these proceedings.

Dated: May 27, 2025						Respectfully submitted,

By: */s/ Taylor J. Askew*						By: */s/ Rakesh Kilaru*
Taylor J. Askew							Rakesh Kilaru (Counsel of Record)
David J. Zeitlin							Daniel Epps
Holland & Knight LLP						Wilkinson Stekloff LLP
511 Union Street, Suite 2700					2001 M Street N.W., 10th Floor
Nashville, Tennessee 37219					Washington, DC 20036
(615) 244-6380							(202) 847-4000
taylor.askew@hklaw.com						rkilaru@wilkinsonstekloff.com
david.zeitlin@hklaw.com						depps@wilkinsonstekloff.com

*Counsel for Defendant-Appellant*
*National Collegiate Athletic Association*

# CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains approximately **1,744 words**.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

Dated: May 27, 2025

/s/   Rakesh Kilaru
RAKESH KILARU

## CERTIFICATE OF SERVICE

      I, Rakesh Kilaru, counsel for appellant and a member of the Bar of this Court, certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on May 27, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: May 27, 2025

                                                             /s/    Rakesh Kilaru
                                                              RAKESH KILARU